IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOE LEWIS GOODWIN,

Plaintiff,

v.                                                              CASE NO. 24-3060-JWL

USP LEAVENWORTH,

Defendant.

MEMORANDUM AND ORDER

## I.  Nature of the Matter before the Court

Plaintiff Joe Lewis Goodwin, a federal prisoner incarcerated at the Federal Correctional Institution – Leavenworth (FCIL), formerly known as the United States Penitentiary in Leavenworth, Kansas (USPL), filed this pro se civil action seeking relief from federal officials for the alleged violations of his constitutional rights during a long lockdown at FCIL. (Doc. 1.) He proceeds in forma pauperis and has paid the required initial partial filing fee.

## II.  Procedural History

After conducting the statutorily required initial review of the complaint, the Court issued a Memorandum and Order to Show Cause (MOSC) explaining the current state of the law on *Bivens* actions. (Doc. 7, p. 3-6.) The MOSC quoted at length from an unpublished Tenth Circuit order and judgment that recognized that, under the current state of federal law, "the availability of the [Bureau of Prisons' Administrative Remedy Program (ARP)] is sufficient to foreclose a *Bivens* claim" even if the claim is factually similar to one of the three cases in which the United States Supreme Court has implied a *Bivens* remedy. *Id.* at 5 (quoting *Noe v. United States Gov't*, 2023 WL 8868491, *3 (10th Cir. Dec. 22, 2023)). This conclusion was based on *Silva v. United States*,

1

45 F.4th 1134, 1141 (10th Cir. 2022), which held that the availability to federal prisoners of the ARP is "'an independently sufficient ground to foreclose [a] *Bivens* claim' brought by a federal prisoner." (*See* Doc. 7, p. 5.) Based on the rationale in *Noe* and no indication that the ARP is unavailable to Plaintiff[1], this Court concluded that Plaintiff's complaint fails to state a claim for relief under *Bivens*. *Id.* at 6. Thus, Plaintiff was granted time in which to show good cause why his complaint should not be dismissed. *Id.* Plaintiff promptly filed a response, which was received on June 13, 2020. (Doc. 8.)

### III. Standards

Because Plaintiff is pro se, the Court liberally construes his response to the MOSC and applies "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

### IV. Analysis

In his response to the MOSC, Plaintiff informs the Court that nearly 1600 inmates at FCIL suffered during the lockdown in question. He alleges that the lack of access to water and clean clothing, combined with black mold in cells, led to many inmates becoming sick and needing medical services for which they are now financially responsible.[2] (Doc. 8, p. 1.) Plaintiff asks the Court to imagine

---

[1] In the complaint, Plaintiff advised that he had not utilized the prison grievance system because "staff [were] failing to provide administrative relief upon request." (Doc. 1, p. 5.) This shows that the ARP is available to Plaintiff, even if he is not optimistic about his chances of obtaining relief through the ARP.

[2] Liberally construed, Plaintiff also contends in his response to the MOSC that he contracted heliobacter pylori, which he describes as an incurable bacterial infection, due to the conditions during the lockdown. The Court notes, however, that this case involves a lockdown that began, according to Plaintiff, on February 29, 2024. (Doc. 1, p. 2.) Yet in another case currently pending before this Court, Plaintiff asserts that he tested positive for heliobacter pylori on January 8, 2024, well before the lockdown began. *See Goodwin v. Fed. Bureau of Prisons, et al.*, Case No. 24-3083-JWL, Doc. 1, p. 5.

being locked in a 6 x 12 cell with a bag full of [urine and feces and] not being able to throw out or change the bag for 3 and 4 days at a time. . . . After becoming dehydrated and started nearly passing out due to not having water then you are forced to be hooked on to an I.V. to rehydrate.

*Id.*

Plaintiff contends that if this case is dismissed, there will be no justice for the people or for FCIL inmates and such a dismissal will show that "facility staff can go unpunished for their violations." *Id.* He asserts that Assistant Warden Belter told him that staff at FCIL treat them in this way "'[b]ecause y[']all let us.'" Plaintiff also alleges that staff have threatened retaliation against inmates who speak out about lockdown conditions[3] and he alleges that he personally was placed in restrictive housing in retaliation. *Id.* Finally, Plaintiff says that "[t]his stuff goes on Administrative Remed[ie]s but get[s] d[e]stroyed when it make[s] it to the warden." *Id.* at 2.

Plaintiff's allegations are troubling. The allegations now before this Court, when taken as true, reflect that inmates at FCIL during the lockdown were subjected to an unsanitary and atypical environment. The conditions Plaintiff describes are not the ordinary incidents of prison life and the Court sympathizes with any individual who lives in the type of conditions alleged in this matter.

Nevertheless, "[t]he Constitution does not ordinarily provide a private right of action for constitutional violations by federal officials." *Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 859 (10th Cir. 2016). And although *Bivens* once provided at least a potential remedy for individuals whose constitutional rights were violated by federal officials, the United States Supreme Court's decision in *Egbert v. Boule*, 596 U.S. 482 (2022), left the Tenth Circuit with "no doubt that expanding *Bivens* is not just 'a disfavored judicial activity,' it is an action that is

---

[3] The ARP sets forth the procedure by which an inmate can submit an Administrative Remedy Request on for BP-9 directly to the appropriate Regional Director "[i]f the inmate reasonably believes that the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution." *See* 28 C.F.R. § 542.14(d). This Court does not opine on the potential for success in submitting a Request in this fashion; the Court merely points out that the ARP provides for situations in which inmates are concerned about retaliation.

impermissible in virtually all circumstances." *See Silva*, 45 F.4th at 1140 (citations omitted). *Silva* also   held that "the availability of the BOP's Administrative Remedy Program offers an independently sufficient ground to foreclose Plaintiff's *Bivens* claim." *Id.* at 1141

There is a well-established "general rule that a district court is bound by decisions made by its circuit court." *See Dobbs v. Anthem Blue Cross and Blue Shield*, 600 F.3d 1275, 1279 (10th Cir. 2010); *see also United States v. Rhodes*, 834 Fed. Appx. 457, 462 (10th Cir. Nov. 6, 2020) (unpublished) ("[D]istrict courts in this circuit are bound by our decisions and those of the United States Supreme Court."); *Wirtz v. Kan. Farm Bur. Servs., Inc.*, 311 F. Supp. 2d 1197, 1210 n. 24 (D. Kan. 2004) ("Absent *en banc* reconsideration or an intervening Supreme Court decision, this court is bound by the precedent set forth by the Tenth Circuit Court of Appeals."). Accordingly, in light of *Silva* and for the reasons stated in the MOSC, the availability of the ARP to Plaintiff forecloses his *Bivens* claim. Because the *Bivens* claim is the sole claim for relief in this matter, Plaintiff has failed to state a claim on which relief can be granted.

**IT IS THEREFORE ORDERED** that this matter is **dismissed with prejudice** for failure to state a claim on which relief can be granted.

**IT IS SO ORDERED.**

DATED:   This 24th day of June, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge