IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOE LEWIS GOODWIN,

    **Plaintiff,**

    v.                                                              CASE NO. 24-3060-JWL

USP LEAVENWORTH,

    **Defendants.**

### MEMORANDUM AND ORDER

    In this civil action, Plaintiff Joe Lewis Goodwin alleged that his constitutional rights were violated during a long lockdown at the Federal Correctional Institution – Leavenworth (FCIL). (Doc. 1.) On June 6, 2024, this Court issued a memorandum and order to show cause (MOSC) explaining that this case was subject to dismissal because (1) Plaintiff named only an improper defendant and (2) under the current state of the law, Plaintiff does not appear to have a private right of action to bring a claim against federal officials for the violation of his constitutional rights. (Doc. 7, p. 3-6.) Plaintiff was granted time in which to show cause in writing why this matter should not be dismissed. *Id.* at 6. Although Plaintiff timely filed a response, the Court dismissed this matter with prejudice for failure to state a claim on which relief can be granted on June 24, 2024. (Doc. 9.) Judgment was entered the same day. (Doc. 10.)

    The Court has now received a letter from Plaintiff inquiring about the status of his case and seeking information on how to proceed. (Doc. 11.) The letter is dated July 1, 2024 and postmarked July 2, 2024 but it was not received by the Court until July 31, 2024 due to delays in the United States Postal Service system. In the letter, Plaintiff asks for "the forms to reopen" this case, stating that he would like "another opportunity to 'state a claim on which relief can be granted.'" *Id.* at 1. He asks what the next steps are and requests the "form to keep this case open." *Id.* Plaintiff also asks what he must do to have an attorney appointed to assist him. *Id.*

1

This Court does not have or provide form motions to reopen a closed case. Federal Rule of Civil Procedure 60(b) governs motions for relief from a final judgment, order, or proceeding. If Plaintiff wishes to seek relief from the judgment under Rule 60, he may file a motion in this case that presents the reasons he believes this case should be reopened. Plaintiff is cautioned that Rule 60(b) motions are only granted "in exceptional circumstances." *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Similarly, Federal Rule of Appellate Procedure 4(a) governs appeals in civil cases. If Petitioner wishes to appeal the dismissal of this matter, he must file in this case a notice of appeal in accordance with Rule 4(a).

Finally, to request appointment of counsel, Plaintiff must submit a motion for appointment of counsel.[1] There is no constitutional right to appointment of counsel in a civil case. *See Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). When deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). That being said, the Court is not inclined to appoint counsel in a closed case such as this one.

**IT IS THEREFORE ORDERED BY THE COURT** that no further action will be taken on Plaintiff's letter to the Court (Doc. 11). This matter remains closed.

**IT IS SO ORDERED**.

**Dated August 2, 2024, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

---

[1] A form motion is available through this Court's website. *See* https://ksd.uscourts.gov/court-appointedself-representation-forms.